FOIL, Judge.
Defendant, Ronald Marigny, was charged by bill of information with carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80, and with contributing to the delinquency of a juvenile, a violation of LSA-R.S. 14:90. The charges were severed and a trial was conducted on the carnal knowledge charge. Defendant was tried by jury, which convicted him as charged. He was subsequently sentenced to imprisonment at hard labor for a term of *421 four years. Defendant now appeals, alleging three assignments of error, to wit:
1. There is insufficient evidence to support a conviction.
2. The sentence imposed is excessive.
3. Because of error patent on the face of the record, the conviction and/or sentence should be reversed.
The record reveals that on the afternoon of December 3, 1986, defendant drove an automobile to Covington High School. Ms. “A”, Mr. “B” and Ms. “C” got inside the car and rode together to Mr. “B” ’s home. At that time, defendant was nineteen years old and Ms. “A” was fifteen years old and had never been married.
Once at Mr. “B” ’s house, defendant and Ms. “A” went inside a bedroom. Mr. “B” and Ms. “C” went into another bedroom. The only other person inside the house was Mr. “B” ’s stepfather, who was in the kitchen.
Ms. “A” testified that she and defendant watched VCR movies on television inside the bedroom. Defendant asked her to take off her clothes. Initially she declined to do so. According to Ms. “A”, sometime thereafter, she and defendant took off their clothes and got into bed. She stated that they talked, kissed and “had sex” once that afternoon. Ms. “A” testified that she left Mr. “B” ’s house with defendant at about 2:59 p.m. and returned to school in order that she could ride home on the school bus.
Ms. “A” ’s mother testified that on approximately December 12, she learned that defendant had left school with her daughter. Ms. “A” ’s mother stated that, upon gaming that information, she confronted Ms. “A” with it. According to Ms. “A” ’s mother, Ms. “A” initially denied having left school with defendant; but apparently, shortly after the initial denial, Ms. “A” began crying and confided in her mother. Ms. “A” ’s mother testified that Ms. “A” stated that defendant came to school, that she and defendant left together and that she and defendant “had sex.”
. On the other hand, defendant admitted that he went to Mr. “B” ’s home with Ms. “A”. Defendant testified that, after they arrived at the home and before he and Ms. “A” entered the bedroom, he asked her if “[she was] going to do something with [him].” Defendant stated that Ms. “A” replied in the negative and that he told her not to worry about it. Defendant testified that he and Ms. “A” got into bed together, that they watched VCR movies on television, and that they listened to the radio and danced. He stated that they removed some of their clothes. He was wearing a pair of boxer shorts and Ms. “A” was wearing underpants and a shirt. According to defendant, he and Ms. “A” laughed, joked, wrestled and kissed while in bed. Defendant testified that he had “had sex” with a girl many times before the incident in question, but he stated emphatically that he and Ms. “A” did not “have sex.” However, defendant admitted that he wanted to “have sex” with Ms. “A” and reiterated that he had asked her to “have sex.”
Considering all of the assignments of error filed herein, we hereby reverse the conviction of carnal knowledge of a juvenile and set aside the sentence. However, we enter a verdict of attempted carnal knowledge of a juvenile and remand the case to the trial court for sentencing on that verdict.
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. State v. McCray, 517 So.2d 474 (La.App. 1st Cir.1987).
LSA-R.S. 14:80(1) (which is applicable to the instant situation) provides that carnal knowledge of a juvenile is committed when “[a] male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons[.]” [emphasis added] LSA-R.S. 14:80 further provides that lack of knowledge of the juvenile’s age is not a defense, *422 that emission is not necessary and that penetration, however slight, is sufficient to complete the crime.
The only evidence introduced at trial relating to proof of sexual intercourse consists of Ms. “A” ’s testimony that she and the defendant “had sex” and the testimony of Ms. “A” ’s mother that Ms. “A” made the same statement to her. There was no evidence that Ms. “A” understood the phrase “had sex” to mean sexual intercourse. The state did not produce sufficient evidence to indicate that there was any penetration, which is an element of the offense charged. The alleged victim did not sufficiently testify as to penetration. Nor was any medical evidence of penetration presented, although it was stated by other witnesses that the alleged victim had been taken to at least two doctors in connection with this.
For the above reasons, we find that the evidence presented by the state in this case was legally insufficient to convict the defendant of carnal knowledge of a juvenile.
We now focus our attention on whether or not a conviction for a lesser included offense may be substituted for the jury’s verdict.
Attempted carnal knowledge of a juvenile is a lesser and included responsive verdict. See LSA-C.Cr.P. art. 815; see also LSA-C.Cr.P. art. 814’s official revision comment (b). However in order to attempt to commit a crime, an offender must actively desire to cause the specific results required by a particular criminal statute and do or omit an act for the purpose of and tending directly toward the accomplishing of his object. LSA-R.S. 14:10 and 27.
In this case, the defendant admitted that he wanted to have sex with Ms. “A” and that he asked her to have sex with him. All of the evidence clearly indicates that the defendant actively desired to cause the criminal act to be committed and that he took steps toward accomplishing his purpose. It is also clear that the defendant knew Ms. “A” ’s age and knew his own age. He knew that Mrs. “A” had never been married. The defendant clearly had the specific intent to commit the offense of carnal knowledge of a juvenile in this case. A rational fact finder could have concluded beyond a reasonable doubt that the defendant was guilty of the lesser and included offense of attempted carnal knowledge of a juvenile.
Since we feel that the conviction of carnal knowledge of a juvenile should be set aside and a conviction of attempted carnal knowledge of a juvenile should be entered, we feel that it would be proper to set aside the original sentence and remand the case to the trial court for resentencing on the new conviction.
Accordingly, the conviction of carnal knowledge of a juvenile is set aside and a conviction of attempted carnal knowledge of a juvenile is hereby entered herein. The original sentence is set aside and this case is remanded to the trial court for sentencing on the conviction of attempted carnal knowledge of a juvenile.
CONVICTION AND SENTENCE ON CHARGE OF CARNAL KNOWLEDGE OF A JUVENILE SET ASIDE. CONVICTION OF ATTEMPTED CARNAL KNOWLEDGE OF A JUVENILE ENTERED. REMANDED TO TRIAL COURT FOR SENTENCING
LOTTINGER, J., dissents.